IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| VICTOR HUGO HERRERA ROCHA,<br><br>Plaintiff,<br><br>v.<br><br>L&J COX TRUCKING, INC.,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§  Civil Action No. 1:24-CV-00030-H-BU<br>§<br>§<br>§<br>§ |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant L&J Cox Trucking, Inc.'s Motion for Summary Judgment. Dkt. No. 25.

This action arises out of a motor vehicle accident between Defendant Hebert Ershel Joiner, III and Plaintiff Victor Hugo Herrera Rocha. Dkt. No. 1. Rocha brings claims against Defendant Joiner for negligence. Dkt. No. 1-1 at 5–6. Against Defendant L&J Cox, Rocha brings an indirect liability claim for Defendant Joiner's alleged negligence under the doctrine of respondeat superior, and direct liability claims for L&J Cox's alleged negligent hiring, training retention & supervision of Defendant Joiner. Dkt. No. 1-1 at 6–7. In the instant Motion, L&J Cox moves for summary judgment on the direct liability claims. Dkt. No. 25.

## I. JURISDICTION

The Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity between parties and the amount in controversy exceeds $75,000. Dkt.

1

No. 1-1 at 3–4. Venue is proper in the Northern District of Texas, Abilene Division, because a substantial part of the events giving rise to Rocha's claims occurred in the Abilene Division. *Id.* at 5. The undersigned has the authority to enter these Findings, Conclusions, and Recommendations after United States District Court Judge James Wesley Hendrix transferred the case to the undersigned for pretrial management. Dkt. No. 3; 28 U.S.C. § 636(b)(1)(B).

## II. ANALYSIS

Upon review of the Motion, Dkt. No. 25, Rocha's Response and Brief, Dkt. Nos. 28, 29, and L&J Cox's reply, Dkt. No. 30, the undersigned finds there is no issue of material fact and RECOMMENDS the Court GRANT the Motion.

Citing Texas law, L&J Cox filed this motion arguing that the Respondeat Superior Admission Rule bars Rocha's direct liability claims. *See* Dkt. No. 25 at 9–11. Additionally, L&J Cox argues that Rocha "has no evidence to establish that L&J Cox was negligent in hiring, training, retaining, and supervising Joiner." *Id.* at 11 (brackets omitted).

Rocha responds that he "disagrees with Defendant's assertion that the [R]espondeat [S]uperior [A]dmission [R]ule governs this case." Dkt. No. 28 at 1 (quotations omitted). Rocha conceded, however, that "the facts in this case do not give rise to a genuine issue of material fact concerning negligent hiring, training, retention, and/or supervision of Defendant Joiner." *Id.* In Rocha's accompanying brief, he again "concedes there is not a genuine issue of material fact concerning negligent hiring, training, retention, and/or supervision of Defendant Joiner." Dkt. No. 29 at 8.

The remainder of the briefing is about whether the "Court [should] base [this] Order

on Plaintiff's concession, [or] the [R]espondeat [S]uperior [A]dmission [R]ule." Dkt. No. 29; *see also* Dkt. No. 30.

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Furthermore, "if resolution of an issue effectively disposes of a case, [the Court] should resolve the case on that basis without reaching any other issues that might be presented." *Manning v. Upjohn Co.*, 862 F.2d 545, 547 (5th Cir. 1989). Rocha's concession that there are no genuine issues of material fact effectively resolves L&J Cox's Motion. Therefore, the Court should find "there is not a genuine issue of material fact concerning negligent hiring, training, retention, and/or supervision of Defendant Joiner" and GRANT Defendant L&J Cox's Motion on that basis.

## IV.  CONCLUSION

For the reasons above, the undersigned RECOMMENDS that the Court GRANT Defendant's Motion for Summary Judgment. Plaintiff Rocha concedes there is no issue of material fact on his direct liability claims against L&J Cox Trucking, Inc. Therefore, his direct liability claims should be DISMISSED.

## V.  RIGHT TO OBJECT

A copy of these Findings, Conclusions, and Recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these Findings, Conclusions, and Recommendations must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which

the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendations where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

ORDERED this 6th day of March 2025.

JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE